## VANNOY v. GIVENS.

1. An appeal from the judgment of a justice supersedes the judgment. The pleas cannot, for error of law in the trial below, nonsuit the plaintiff, or reverse the judgment of the justice, but must retry the cause on its merits, and give such judgment as the justice should have given.

2. The Supreme Court, on writ of *certiorari* to the pleas, after an appeal, cannot review the judgment of the justice, and reverse for error by him: the writ brings up the judgment on the appeal merely. *Semble.* Affinity is a principal ground of challenge, either to the array or to the polls, and it continues if there be issue of the marriage.

3. In suit before justice of the peace for breach of warranty in sale of clover seed, the special damage laid being for injury to the crops merely, held that it was not competent for the defendant to inquire what was the plaintiff's interest in the freehold, and the plaintiff's title could not be inquired into.

*Certiorari* to Sussex pleas.

Argued before Justices CARPENTER and RANDOLPH, by *Wilson*, for plaintiff in *certiorari*, and *Vroom*, for defendant.

CARPENTER, J. This was an action for a breach of warranty in the sale of clover seed. On the trial in the court for the trial of small causes, the justice was challenged by the defendant below, on the ground that he was related to the plaintiff by affinity within the third degree. The justice had married the sister of the plaintiff's wife, but she had died long before the trial, leaving, however, one son. The challenge was overruled by the justice, on the ground, as he states, that the affinity had ceased by the death of his wife. Supposing relationship by affinity to be a sufficient ground for challenge to a judge under our statute, it is more than doubtful whether the answer made by the justice to the challenge was a good one. Affinity, or relationship by marriage, is a good principal ground of challenge, either to the array or to the polls, while it continues; and it has been held to continue if there be issue of the marriage. *Co. Lit.* 156 a. and *Hargrave's notes* 277, 278; *Mounson* v. *West*, 1 *Leo.* 88; *Trials per pais* 188 (*Ed.* 1766); *Foot* v. *Morgan*, 1 *Hill* 654.

But it is here of no importance whether the judge erred in law in overruling this challenge, or a subsequent challenge interposed by the defendant to the array, the trial before the justice being by jury. The defendant appealed from the judgment given against him, and, on the trial of the appeal, moved to nonsuit the plaintiff, because, as he alleged, the justice had erred in overruling the challenge without proper trial. The writ of *certiorari* in the case does not bring up the judgment of the justice, but of the pleas, on the appeal, by which it has been superseded.* We cannot reverse the judgment of the justice for error committed by him in the progress of the cause, for it is not his judgment, but that of the appellate court, that is before us for review.

---

* A regular appeal supersedes judgment of the justice; the pleas must retry the case on the merits, and give such judgment as the justice ought to have done. *Strader* v. *Freeholders of Sussex,* 3 *Green* 433.

But the Court of Common Pleas, on the appeal, committed no error in refusing to nonsuit for the supposed errors of the justice. It is well settled that that court, upon the appeal, has no power to reverse for error in law, but its duty is to again try the cause upon its merits, and to give such judgment as the case may require; such judgment as the justice ought to have given. The relief in law as well as in fact, which is to be given on the appeal, is such relief as accords with the nature of a new trial on the merits, and not such as belongs peculiarly to a writ of error. The court must retry the cause, unless, indeed, the error be one which cannot be remedied on the second trial. *Martin* v. *Thompson*, 5 *Halst.* 142; *Clark* v. *Fulse*, 1 *Pen.* 263; *Cheesman and Wilkins* v. *Leonard*, 2 *Ib.* 549; *Johnson* v. *Pennington*, 3 *Green* 188; *Pen. Treatise* 71 (*Ed.* 1824).

But another reason, urged by counsel as a ground of reversal, is founded upon alleged error in the Court of Common Pleas on the trial of the appeal. The defendant below was, it is said, tenant for years in a farm upon which the bad seed was sown, and it would seem that he had also some interest, as one of the heirs of a former owner, in the reversion of the same farm after the death of the tenant for life, under whom he held. It is alleged in the state of demand, as special damage which had accrued from the sale of the seed, that the foul and obnoxious seed, such as wild carrot, wild parsnip seed, and the like, received and sown as clover seed, had greatly injured the pasture land of the plaintiff, lessened the value of its products, &c. Upon the cross-examination of a witness, produced by the plaintiff, it was testified as follows: " The plaintiff rents the farm of his stepmother, widow Givens; his lease will expire next spring. There are several shares of the farm belonging to the heirs of John Givens, deceased." At this point, the defendant's counsel proposed to ask the witness, " What share and interest has the plaintiff in the said farm?" To this question the plaintiff's counsel objected, on the ground, as stated in the case, that the question was not material, as the plaintiff's title could not be inquired into; and the court refused to permit the question to be put.

If, as supposed by the objection, and as the form of the question would lead us to suppose, it was intended to ascertain the plaintiff's interest in the freehold, the decision of the court was certainly right. The question was properly overruled as an inquiry into title; but, besides, it was immaterial upon the issue in the cause, for the defendant, by his state of demand, claimed damages only for the injury to his crops, and the court subsequently, at the instance of the defendant, charged that he was only entitled to recover for such injury. That the plaintiff was tenant for years only, and could not claim damages for any permanent injury to the soil, had been already disclosed by the testimony. The form of the question is not such as would lead us to suppose it directed to the same point, and we cannot reverse, unless we can see clearly that the Court of Common Pleas have erred in the construction which they placed upon that question.

RANDOLPH, J., concurred.

Judgment affirmed.

CITED in *Rodenbury* v. *Roxbury*, 4 *Zab.* 493; *State* v. *South Amboy*, 3 *Vr.* 285; *Hurff* v. *Overseers of Camden*, 9 *Vr.* 288.