Dufford v. Nolan.

STATE, WILLIAM G. DUFFORD ET AL., PROSECUTORS, v. JAMES NOLAN.

1. When application is made to Courts of Common Pleas for tavern license, under the Inns and Taverns act, jurisdiction to grant license in each case is acquired when the application is presented at the proper time and in the required form, and is accompanied by a recommendation certifying certain facts, signed by twelve reputable freeholders of the city or township where the inn is to be kept, none of whom have recommended another application for license under said act within a year. In determining whether or not jurisdiction to license has been acquired, such courts have power to investigate the facts requisite to such jurisdiction, including the qualification of the certifying freeholders. Such determination is subject to review. If jurisdiction has been acquired, the power to license is discretionary and not reviewable.

2. The determination by such courts respecting the existence of jurisdictional facts is in the nature of a judicial act, and the public, or citizens and taxpayers in its behalf, are entitled to intervene. If such persons challenge the jurisdiction because of the absence of specified facts, it is the duty of the courts to hear the objectors, affording reasonable time for the production of proofs, and thereon to determine whether jurisdiction has been acquired. If such hearing is refused, a legal duty is violated, which will invalidate the proceedings.

3. If, however, objections made do not show the absence of any of the required facts, it is within the discretion of the courts either to immediately proceed to consider the application or to give further time for examination by objectors. A fair exercise of such discretion will not be ground of objection to the proceedings.

4. By the charter of the borough of Washington, the common council are invested with the same powers and burdened with the same duties in respect to such licenses in said borough as the Courts of Common Pleas under the Inns and Taverns act.

5. A freeholder is not disqualified from signing a recommendation under the Inns and Taverns act by the terms of section 42, by reason of having signed a recommendation for license to sell malt liquors under the act of April 4th, 1872. *Rev., p.* 494.

On *certiorari* bringing up the resolution of the common council of the borough of Washington, granting a license to the defendant and the proceedings thereon.

Argued at November Term, 1883, before Justices KNAPP, DIXON and MAGIE.

For the prosecutors, *Oscar Jeffery.*

For the defendant, *H. S. Harris.*

The opinion of the court was delivered by

MAGIE, J.   The common council of the borough of Washington are empowered, by the provisions of section 25 of their charter, (*Pamph. L.* 1868, *p.* 76,) to license and assess "every inn-keeper, tavern-keeper and retailer of spirituous, malt or vinous liquors within said borough, subject to the same provisions and in like manner as the same is or may be lawfully done by the Courts of Common Pleas in this state."

At a meeting of council, on May 7th, 1883, James Nolan presented a petition for license to keep an inn and tavern in said borough.   It was accompanied by a certificate signed by thirteen persons, who represented themselves to be freeholders in the borough, and who certified to the facts required by section 2 of the Inns and Taverns act.   *Rev., p.* 486.

At the same meeting, and before action was taken on Nolan's petition, a remonstrance against it was presented to council. It was signed by persons who are shown to have been citizens and taxpayers of the borough.   It represented, as one ground of objection to granting Nolan's license, that his application was not signed as required by law.   It set forth that one of the signers had signed another application, and that others of them were not freeholders qualified to sign Nolan's application. And it requested council to fix a time to hear proof sustaining the objections.   The council laid the remonstrance on the table, and immediately granted license to Nolan.   This writ brings up the resolution granting the license and the proceedings thereon.

It is now contended, among other things, that the resolution so passed is objectionable because remonstrants were denied a hearing with respect to the sufficiency of the applica-

tion.  This contention requires the determination, first, of the proper practice in applying for such licenses in the borough of Washington, and next of the powers and duties of council in respect thereto.  The section in question plainly declares that the provisions of the Inns and Taverns act are to govern the proceeding.  Therefore the application and the recommendation of the applicant are to be in all respects like those required to be presented to the Court of Common Pleas under that act.  This court so held in *Staats* v. *Borough, &c.*, 15 *Vroom* 605.  Nor is it less clear that, by the provisions of this section, the common council of this borough have been invested by the legislature with the same powers which in such cases had previously been entrusted to the Common Pleas.  The council has thus been created a special statutory tribunal, and clothed with authority identical in scope and extent with that which the Common Pleas have under the Inns and Taverns act with respect to such licenses.

The power of licensing which the Common Pleas have under that act involves the exercise of a discretion which is not reviewable by *certiorari*.  *Barnegat, &c.*, v. *Busby*, 15 *Vroom* 627.  But the power to exercise this discretion, *i. e.*, the jurisdiction of the court over this subject, is, by the express terms of that act, made to depend on certain facts.  There must be a proper application at a proper time.  Section 11.  It must be accompanied by a recommendation signed by twelve reputable freeholders of the place, and certifying to certain facts.  Section 2.  The general power to license conferred by section 1 is thus limited.  It is expressly forbidden to be exercised when no such recommendation exists.  Therefore these jurisdictional facts must be found by the court to exist before it can proceed to license.

Such finding or determination is not an exercise of discretion.  It is rather judicial in its nature, and to be reached in accordance with legal principles and rules.

Part of the facts upon which this determination is to be made are discovered by a mere scrutiny of the papers.  Thus, it will be ascertained whether the certificate conforms to the

requirements of the act. But with respect to the certifying freeholders, it is manifest that some other mode must be resorted to in order to ascertain whether they are what they are required to be. It is true that the act does not provide how this fact is to be ascertained. But since it is a fact lying at the foundation of their right to proceed, it is a plain implication that they may inquire into the fact by the production of proofs and evidence. The custom is for the applicant to accompany the recommendation with his affidavit, and therein to specifically set forth a full compliance with the law. Although such an affidavit is not required, (*Heintz* v. *Union Quarter Sessions,* 16 *Vroom* 523,) yet it is eminently proper to be made, and may be received by the court as making out a *prima facie* case of jurisdiction upon which, in the absence of contradiction, they may safely act.

But neither the certificate of twelve persons calling themselves freeholders, nor an affidavit that they are such, will debar the court from inquiring into the fact. This may well be done upon their own knowledge with respect to the qualification of any one of the certifiers. Or they may, upon a proper charge, at least such as alleges disqualification, proceed to an inquiry into the facts by evidence.

This determination is intended to be public. The application is required to be made at a regular term ; to be publicly announced; to be granted or refused on that day or some other day publicly fixed, and then to be determined in open court. Citizens and taxpayers of the place in which the license is to be exercised have an interest in the question of license which will entitle them to intervene in the interest of the public. *Ferry* v. *Williams,* 12 *Vroom* 332. If, therefore, citizens and taxpayers represent to the Common Pleas that an application for license is wanting in respect to the facts upon which the power to license depends, I have no doubt that court has a right to make an investigation into the truth of the facts, and thereon to determine whether there is jurisdiction to license or not.

The existence of the right to make such an investigation

involves the duty of doing so in every proper case. For it can hardly be gravely contended that where citizens and taxpayers, entitled to intervene and acting in the interest of the public, challenge the jurisdiction of the court to act upon the application, that the court can with propriety refuse to hear them and reject the proofs they proffer. On the contrary, the plain duty of the court in such a case is to hear the parties, to afford reasonable time for the production of evidence, and then to determine whether the facts exist on which their power to license depends. If they find such facts do exist, they may proceed to exercise a discretion in granting or refusing the license. The latter act is not reviewable; the former determination is an adjudication which may be reviewed.

The powers and corresponding duties of the Court of Common Pleas have, by the charter, been granted to and imposed upon the common council of this borough. In passing the resolution to grant Nolan's license, did they perform these duties in the manner required by the law?

I think there was a plain violation of their duty. When Nolan's application was received the council were bound to determine whether or not they acquired jurisdiction to license him. The public was interested in the question, and citizens and taxpayers had a right to intervene and be heard. Such persons did intervene, and they asserted that some of the certifying freeholders were not qualified to certify. This was an allegation of want of jurisdiction, and the council should have heard the parties and given a reasonable opportunity to produce proofs. Instead of doing that, the council practically denied a hearing and refused to investigate the facts on which their jurisdiction was challenged. In so doing a legal duty was ignored, and the resolution granting the license was thereby invalidated, and must be set aside, with costs.

This result renders it unnecessary to consider the other questions presented.

In the case of State, Dufford et al., pros., v. Staats, the same facts appear and a similar conclusion has been reached.

In the case of State, Dufford et al., pros., *v.* Hoagland, the facts differ in this respect:

When his application was presented a remonstrance was also presented, signed by citizens and taxpayers of the borough. Two grounds of remonstrance were presented : one which related to the manner in which Hoagland had previously kept his inn, &c. ; the other stating that the remonstrants desired to examine the petition to see whether the signers had a legal right to sign, and asking the council to set down a time for hearing. It will be observed that there is no averment that the application is insufficient, nor any proffer of proof of its insufficiency. Council laid the remonstrance on the table, and immediately proceeded to grant the license applied for. I do not think this course must necessarily be considered to be a violation of any legal duty on the part of the council. The application was before the public; if insufficient, there is nothing to show that remonstrants could not at once have attacked it and raised a question upon which they were entitled to be heard. But whether the council should give time for examination or not was largely a question of discretion, and if there is nothing to show that council intended to prevent investigation and refuse the public a hearing, the determination cannot be disturbed.

If this result compels the consideration of the other reasons presented in this case, no ground is found for the objections to the proceedings. These reasons aver that the application was in fact insufficient because of lack of the required qualifications on the part of some of the signers. There were thirteen signers of the recommendation. It is insisted that two of them were not freeholders, but the evidence fails to establish the insistment. It is further insisted that the recommendation was signed by one person who had signed a recommendation of William Barron for license to sell malt liquors, &c. Hoagland's application was for license to keep an inn and tavern The claim is that the signer was disqualified from signing Hoagland's recommendation under the provisions of section 42 of the Inns and Taverns act. But this is plainly erro-

neous. That section declares that the freeholders required to recommend persons for license to keep inns, &c., shall be such as have not recommended any other application for license under the second section of the act. This language cannot be construed to extend to recommendations for license to sell malt liquors, &c., under the Beer act, which is distinct and separate legislation. If it would be judicious to so extend it, it must be done by the legislature and not by the courts.

There is nothing in the remaining reasons requiring consideration. The result in Hoagland's case is that the resolution and proceedings must stand