JOHN A. KOZUSKO ET AL., PROSECUTORS, v. THOMAS GARRETSON ET AL. AND CITY OF PERTH AMBOY, RESPONDENTS.

Submitted May 14, 1926—Decided September 30, 1926.

The rules of a common council provided that they might be altered or amended  *  *  *  by a majority of the members present voting therefor.    Six members being present, three voted for the resolution of amendment, and each of the other three "refused to vote for the resolution."    *Held,* that the ordinary rule that those remaining silent or merely declining to vote was not applicable, and that it was improper to count the votes of the three recalcitrants in the affirmative.

On rule to show cause why writ of *certiorari* should not be allowed.

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutors, *Harry S. Medinets.*

For the respondents Garretson et al., *Leo Goldberger.*

For the city of Perth Amboy, *David T. Wilentz.*

The opinion of the court was delivered by

PARKER, J. Prosecutors apply for a writ of *certiorari* to bring up a resolution appearing in the minutes of the board of aldermen of April 19th, 1926, which resolution presecutors claim was not lawfully adopted.

It appears that a full board of aldermen consists of seven members, one being aldermen-at-large. That was the number on January 1st, 1926, when the board held its organization meeting, adopted rules, and appointed committees. One of those rules was that "all committees shall be appointed by a majority vote of all the members of the board."

Before the end of the month, one of the aldermen was killed in an automobile accident, reducing the living membership of the board to six. Such was the situation on April 19th, when the resolution under consideration was presented. The rules of the council provide that "any of the standing rules of order of the council may be altered or amended at any regular meeting by a majority of the members present voting therefor, provided that written notice of the intended alteration or amendment shall have been given at a previous regular meeting." The question involved in this rule to show cause, and which we are to determine, is whether the proposed resolution, which is an amendment of the standing rules, had a majority vote of the members present. It provides that "all committees shall be appointed by the presiding officer of the council, and such committees may be changed from time to time at the discretion of the presiding officer."

There were six members present, and, consequently, four votes were required to pass the amendment. Three voted aye. The minutes then record the following:

"Mr. Kelly refused to vote for the resolution. Mr. Patten refused to vote for the resolution, saying it was illegal, and Mr. Kozusko refused to vote for the resolution. Mr. Garretson, chairman, announced that no member could refuse to vote and all members must vote. He instructed the clerk to mark his records that the resolution was carried."

It may well be conceded that when in a parliamentary body a majority vote suffices for effective enactment, and some

vote aye and the others remain silent, they are taken as voting in the affirmative. Such we understand to be the law. In line with this is the principle that where a quorum is present, a proposition is carried by a majority of all the votes cast, though some of the members present refuse to vote. 29 *Cyc.* 1690. This is, or was, the congressional rule. *U. S.* v. *Ballin,* 144 *U. S.* 1. In this state it has been held that the vote of a member present who declined to vote at all should be counted in the affirmative. *Mount* v. *Parker,* 32 *N. J. L.* 341. But that, in our view, is not this case. If there was one point on which the three non-voters expressed themselves, it was that they did not wish to be counted as in favor of the resolution. Under such circumstances the correct rule is that laid down by the Court of Chancery in the same year (1867) in *Abels* v. *McKeen,* 18 *N. J. Eq.* 462 (at *p.* 465), where Chancellor Zabriskie said:

"At such a meeting, if a vote is taken, and no one dissents, all who do not vote are considered as voting with the majority for the motion. And a vote of three ayes at a meeting of twenty, where no one dissents, is considered as the affirmative vote of all present." But the obvious corollary is that when a member does dissent, his vote cannot properly be counted in the affirmative. The common sense of the matter seems to be that it should be recorded in the negative.

We conclude that in law and fact there were only three affirmative votes of six present in favor of the resolution, and that it was not legally adopted.

This leads to an *allocatur* of the writ, and it being stipulated that in such case the court conclude the whole matter, let a return be made and a rule thereupon entered setting aside the resolution.