26 N.J. Super. 388 (1953)
98 A.2d 63
TOWNSHIP COMMITTEE OF THE TOWNSHIP OF FREEHOLD AND HAROLD F. McCORMICK AND WILLIAM S. McCORMICK TRADING AS McCORMICK BROTHERS, APPELLANTS,
v.
WILLIAM H. GELBER AND DIVISION OF ALCOHOLIC BEVERAGE CONTROL, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 8, 1953.
Decided June 24, 1953.
*389 Before Judges GOLDMANN, SMALLEY and SCHETTINO.
*390 Mr. Alexander Levchuk argued the cause for appellants.
Mr. Samuel Sagotsky argued the cause for respondent William H. Gelber (Mr. Melvin S. Taub, on the brief).
Mr. Samuel B. Helfand argued the cause for respondent Alcoholic Beverage Control (Mr. Theodore D. Parsons, Attorney-General of New Jersey, attorney).
The opinion of the court was delivered by SCHETTINO, J.S.C. (temporarily assigned).
This is an appeal from an order of the Director of the Division of Alcoholic Beverage Control reversing the action of appellant, Township Committee of the Township of Freehold, in issuing a plenary retail distribution license to appellants McCormick Brothers, and directing the cancellation of the license.
On June 27, 1952 the township committee took final action upon an ordinance relating to the issuance of one plenary retail distribution license. The record is not clear as to the precise content of that ordinance, but we gather the result of the amendment was that one such license could be issued upon the vote of two of the three members of the committee. At the same meeting, the committee had before it four applications for that license, which included one by the McCormick Brothers and another by respondent, Gelber. No action was taken upon any of the applications other than the McCormick application, and the record of the proceedings of that day discloses two members voting for the McCormick application and the remaining member "not voting." From that action Gelber appealed to the director, who entered the order here under review.
A full blood brother of the McCormick Brothers was a member of the township committee. He abstained from voting upon the amendatory ordinance described above, but upon the consideration of the application, his was one of the two votes cast in favor of it. The director concluded McCormick was disqualified because of interest and his disqualification vitiated the action of the committee.
*391 Appellants contend: (1) The director was without jurisdiction to entertain the appeal; (2) McCormick was not disqualified; (3) if McCormick was otherwise disqualified, the rule of necessity authorized his vote because the third committee member abstained; (4) the vote of the abstaining member should be deemed to be an affirmative vote, and thus the necessary vote of two members is supplied notwithstanding the vitiation of McCormick's vote. We will consider these points in the stated order.

I.
Appellants concede the appeal was authorized by R.S. 33:1-22 prior to its amendment in 1946, but urge the amendment removed that right. The amendment added the words italicized in the following provision:
"If the other issuing authority shall issue a license, or grant an extension of said license for a limited time not exceeding its term, to the executor or administrator of a deceased licensee, or to such person who shall be appointed by the courts having jurisdiction, in the event of the incompetency of any licensee, any taxpayer or other aggrieved person opposing the issuance of such license may, within thirty days after the issuance of such license, appeal to the commissioner from the action of the issuing authority."
We are satisfied that the amendment had no such effect. Its purpose was merely to add to the category of appealable actions the grant of extensions in the situations embraced in the italicized portion in order to fill a gap in the statutory scheme. It could not have been the intention of the Legislature to terminate a right of review of the issuance of licenses. No reason is suggested why the Legislature would have planned the curious situation for which appellants contend. The construction urged by appellants could not be adjusted with the legislative objective that the director be vested with jurisdiction to accomplish "`fair, impartial, stringent and comprehensive administration' of the statute." Brush v. Hock, 137 N.J.L. 257, 260 (Sup. Ct. 1948). We cannot attribute to the Legislature a purpose so at variance *392 with the common sense of the situation when the language used is susceptible of a construction in harmony with it.

II.
The granting of a liquor license involves action judicial in nature. Dufford v. Nolan, 46 N.J.L. 87 (Sup. Ct. 1884). The standards of disqualifying interest here controlling can be no less exacting than in the case of purely judicial action.
The briefs debate whether there existed in this case a disqualifying interest beyond consanguinity. We think it unnecessary to explore that question since the undisputed blood interest here present is dispositive. It is the rule both of common law and by statute that the relationship of brothers disqualifies a judge, and a lesser standard cannot here be applied. N.J.S. 2A:15-49; cf. Stoll v. Gariss, 38 N.J.L. 200 (Sup. Ct. 1875); People ex rel. Meads v. Alpha Lodge, No. 1, Knights of Sobriety, etc., 13 N.Y. Misc. 677, 35 N.Y.S. 214 (Sup. Ct. 1895), affirmed 40 N.Y.S. 1147 (App. Div. 1896). See also Vannoy v. Givens, 23 N.J.L. 201 (Sup. Ct. 1851); Low v. Town of Madison, 135 Conn. 1, 60 A.2d 774 (Sup. Ct. Err. 1948).
We conclude that Committeeman McCormick could not validly vote on the application. His interest was such as to affect his decision as a member of the licensing body exercising a quasi-judicial function. His concurrence as an interested member infected the action of the whole body and rendered its action voidable. Cf. Kuberski v. Haussermann, 113 N.J.L. 162, 169 (Sup. Ct. 1934); Pyatt v. Mayor and Council of Dunellen, 9 N.J. 548, 557 (1952).

III.
Appellants contend that McCormick was eligible to vote, notwithstanding the disqualification, urging that without his vote the township committee would have been unable to function. The claimed basis is the abstention of the third member, from which it is argued that there remained but one *393 eligible member of the committee. The fact is that two members of the committee were qualified to vote, and constituted the required quorum. Hence the rule of necessity did not come into play. Pyatt v. Mayor and Council of Dunellen, 9 N.J. 548, 557-558 (1952); 39 A.L.R. 1476. The abstention of a qualified member from voting at the meeting did not create that necessity which the principle contemplates.

IV.
It is urged that the member who was recorded as "not voting" should be deemed to have voted for the license and his vote, coupled with the unchallenged affirmative vote, supplied the required majority of two. Appellants rely upon Mount v. Parker, 32 N.J.L. 341 (Sup. Ct. 1867); Abels v. McKeen, 18 N.J. Eq. 462 (Ch. 1867); Kozusko v. Garretson, 102 N.J.L. 508 (Sup. Ct. 1926); Rhinesmith v. Goodfellow, 111 N.J.L. 604 (E. & A. 1933).
We need not consider whether the present situation falls within the asserted doctrine, because the participation of McCormick tainted the action of the committee and vitiated it. Pyatt v. Mayor and Council of Dunellen, 9 N.J. 548 (1952); Kuberski v. Haussermann, 113 N.J.L. 162 (Sup. Ct. 1934). This conclusion, which under our cases would be imperative even if the third committee member had actually voted for the application, would be no less imperative if appellants were correct in their contention that the nonvoting member should be deemed to have cast a favoring vote.
The order of the director is affirmed.