**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0032-17T1

LARRY PRICE,

     Plaintiff-Appellant/
     Cross-Respondent,

v.

LIBERTY PARK AT UNION
CITY, LLC,

     Defendant-Respondent/
     Cross-Appellant,

and

UNION CITY PLANNING BOARD,

     Defendant-Respondent.

_____

Argued July 10, 2018 – Decided February 20, 2019

Before Judges O'Connor and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1054-17.

Larry Price, appellant/cross-respondent, argued the cause pro se.

Michael R. Fink argued the cause for respondent/cross-appellant.

Gregory F. Kotchick argued the cause for respondent (Durkin & Durkin, LLC, attorneys; Gregory F. Kotchick, of counsel and on the brief).

The opinion of the court was delivered by

O'CONNOR, J.A.D.

Plaintiff Larry Price appeals from a July 21, 2017 order dismissing his complaint in lieu of prerogative writs against defendants Liberty Park at Union City, LLC (Liberty Park) and Union City Planning Board (board). Defendant Liberty Park cross-appeals from the same order. We affirm the July 21, 2017 order, rendering the cross-appeal moot.

Liberty Park seeks to construct a forty-eight-unit residential building on a vacant lot in Union City. It submitted an application to the board for site plan approval and, in particular, a conditional use variance pursuant to N.J.S.A. 40:55D-70(d). As part of this application, Liberty Park also sought variances for the parking lot, pursuant to N.J.S.A. 40:55D-70(c)(2), as well as certain waivers. The site is located in the R District of Union City, which permits only one, two, or three family dwellings, but conditionally permits a "Greyfield Development," defined by ordinance as "a vacant building and/or property

formerly used for industrial purposes or commercial purposes." UNION CITY, NEW JERSEY REV. GEN. ORDINANCES § 223-5(C) (2013).

The board conducted two hearings on Liberty Park's application; one was held on April 26, 2016 (April meeting) and the other on May 24, 2016 (May meeting). The board consisted of nine members and two alternates. Six members, including two alternates, attended the April meeting; eight members, also including two alternates, attended the May meeting. At the conclusion of the May meeting the eight members voted unanimously to grant Liberty Park's application. A resolution and amended resolution were subsequently issued memorializing the vote and the Board's findings.

As a nine-member board, five members – whether or not an alternate – had to be present at a meeting to constitute a quorum. See N.J.S.A. 40:55D-6 (providing "'[q]uorum' means the majority of the full authorized membership of a municipal agency."). Significantly, four of those who attended the May meeting had not attended the April meeting, and they did not listen to the tape or read the transcript of the April meeting before the May one. See N.J.S.A. 40:55D-10.2 (providing that if a member of a municipal agency is absent from a meeting at which a hearing was held, such member shall be eligible to vote on the matter upon which the hearing was conducted if the member certifies in

3

writing that he or she read the transcript or listened to the recording of such hearing).

N.J.S.A. 40:55D-9 provides that no action shall be taken at any meeting unless there is a quorum. Further, if a member misses a hearing during an application process and has not reviewed the transcript or heard a recording of that hearing pursuant to N.J.S.A. 40:55D-10.2, that member cannot be counted as part of a quorum when the Board convenes to continue the hearing at a later date. Garner v. Mountainside Bd. of Adjustment, 212 N.J. Super. 417, 426 (Law Div. 1986).

As stated, five members of Union City Planning Board constituted a quorum, but four of the eight members who attended the May meeting had not listened to the tape or read a transcript of the April meeting. Therefore, the May meeting was conducted without a quorum of the board. Notwithstanding, at the conclusion of such meeting the eight members present voted unanimously to grant Liberty Park's application.

Plaintiff filed a complaint in lieu of prerogative writs challenging the resolution and amended resolution, arguing both were null and void because of the absence of a quorum at the May meeting. Plaintiff also argued that what

4

Liberty Park sought to construct was not a Greyfield Development and, thus, was not a permitted conditional use.

The trial court agreed with plaintiff that the failure to have a quorum at the May meeting invalidated the vote on Liberty Park's application at the May meeting, making the amended resolution null and void. In accordance with the remedy utilized under analogous circumstances in Schmidhausler v. Planning Bd., 408 N.J. Super. 1 (App. Div. 2009), the trial court remanded the matter back to the board so that the four members who had not attended the April meeting could read the transcript or listen to the tape of such meeting. The court directed that if such members certified to doing either the former or the latter, all of the eight members could then vote on Liberty Park's application. The court declined to decide the issue of whether Liberty Park's project was a permitted conditional use.

The record on remand indicates that those members present at the remand hearing had either been present at or signed a certification stating he or she read the transcript of the April meeting. The nine board members present at the remand hearing voted unanimously in favor of Liberty Park's application; a resolution memorializing that action was issued thereafter.

A-0032-17T1

Plaintiff filed a second complaint in lieu of prerogative writs challenging the latest resolution. Among other things, in his complaint plaintiff contended the May meeting was "a nullity" because of the absence of a quorum and, therefore, those who voted on the application at the subsequent remand hearing had "rel[ied] on a nullity to determine their vote."

This argument, which plaintiff subsequently clarified, was the board should not have conducted any business during the May meeting because there was no quorum, making what occurred during the hearing a nullity. We note plaintiff actively participated in the hearing without raising any objection to the fact there was no quorum of the board present. In his second complaint, plaintiff also asserted Liberty Park's proposed use was not a permitted conditional use. The trial court ultimately rejected both arguments, determining both N.J.S.A. 40:55D-10.2 and the holding in Schmidhausler permitted the remedy the trial court initially ordered. The court also found Liberty Park's proposed use was a permitted conditional use. On July 21, 2017, the court entered an order dismissing plaintiff's complaint, and this appeal ensued.

On appeal, plaintiff reprises the arguments he asserted before the trial court. After reviewing the record and applicable legal principles, we have determined they are without sufficient merit to warrant discussion in a written

6

opinion.  <u>R.</u> 2:11-3(e)(1)(E).  However, we make the following comments.  In

<u>Schmidhausler</u>, a board member had failed to read the transcript or listen to the

tapes of one hearing.  In that matter, we found the appropriate remedy to be as

follows.

> [T]he legislative intent is clear.  It is to make sure that those who vote on Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1-129, applications are fully informed of what transpired during all the hearings on that application.  Rather than denying the application outright or putting all of the parties to the cost and expense of an entire new hearing, a simple logical remedy is to remand the matter to the Board and have all current members deliberate and revote, with those who had not attended one or all of the hearings in this matter review the transcript of any meeting or meetings that they may have missed, certify they have done so, and then have them deliberate and vote as well.
>
> [<u>Schmidhausler</u>, 408 N.J. Super. at 13.]

Pertaining to the contention the proposed use is not permitted as a

conditional use under the Greyfield Development ordinance, we note there was

ample evidence the subject property was formerly used for commercial

purposes, making the proposed use permitted under the subject ordinance.

In its cross appeal, defendant Liberty Park asserts the following point for

our consideration:

> <u>POINT I</u>:  PLAINTIFF'S CLAIM THAT THE [VOTE AT THE REMAND HEARING] WAS TAINTED BY

7

THE BOARD'S EARLIER VOTE PRIOR TO REMAND AND IS, THEREFORE, A "NULLITY" IS BARRED BY THE DOCTRINES OF RES JUDICATA OR COLLATERAL ESTOPPEL AND REGARDLESS IS NOT SUPPORTED BY THE FACTS OF APPLICABLE LAW.

In light of our disposition of plaintiff's contentions, the cross-appeal is moot.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0032-17T1