BERNARD J. QUINN, PROSECUTOR, v. SEA ISLE CITY, PEOPLE'S TRACTION COMPANY AND NEW JERSEY RAPID TRANSIT COMPANY.

Submitted December 5, 1908—Decided February 23, 1909.

Where an act required a vote of two-thirds of all the members of common council to pass an ordinance over the mayor's veto— *Held,* that where the council consisted of seven members, a vote of four, one member being absent, one voting to sustain the veto and a third refraining to vote because interested in the ordinance, was not effective to override the veto.

On *certiorari.*

Before Justices GARRISON, PARKER and VOORHEES.

For the prosecutor, *Carrow & Kraft.*

For the defendant in *certiorari, James M. E. Hildrcth.*

The opinion of the court was delivered by

VOORHEES, J. This is a *certiorari* to review an ordinance passed by the common council of Sea Isle City. The municipality is incorporated under revisions of an act entitled "An act relating to and providing for the government of cities of this state containing a population of less than twelve thousand inhabitants." *Pamph. L.* 1899, *p.* 96. The ordinance was passed, sent to the mayor for his approval, who returned it with his veto thereto. Thereupon council, composed of seven members, at its next meeting, with six members present, proceeded to consider the mayor's objections and reconsider the ordinance at which four members voted to pass the ordinance over the mayor's veto; one member voted to sustain the mayor's veto and one member refrained from voting because financially interested in the railway which had an interest in the passage of the ordinance. The mayor declared the ordinance passed over the mayor's veto.

The act under which the city is incorporated provides that after a veto the council "shall proceed to reconsider the same, and if on reconsideration it shall pass the common council by a vote of two-thirds of all the members it shall take effect." The vote under review was not a vote of two-thirds of all the members. *Crickenberger* v. *Westfield,* 42 *Vroom* 467; *Stephany* v. *Liberty, &c., Glass Co.,* 47 *Id.* 449. Even if it were considered that a member refusing to vote might be counted as voting "aye," which is not conceded, yet a person disqualified because of interest could not be so counted. *Traction Company* v. *Board of Works,* 27 *Id.* 431; *Drake* v. *Elizabeth,* 40 *Id.* 190.

The ordinance is set aside.