GRIDCO, INC., A PENNSYLVANIA CORPORATION, PLAIN-
TIFF, v. ZONING BOARD OF THE TOWNSHIP OF HILL-
SIDE AND FRANK VOLTURO, BUILDING INSPECTOR,
DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided March 20, 1979.

*Mr. Donald Myers* for plaintiff (*Mr. Myers* on the brief).

*Mr. Alexander J. Menza* for defendants (*Mr. Menza* on
the brief).

FELLER, J. S. C. (retired, temporarily assigned on recall).
This is an action in lieu of prerogative writs in which plain-

tiff appeals the denial of a variance by the Hillside Board of Adjustment. Defendant board denied plaintiff's application for a variance to permit the installation of a drive-up window to facilitate customer service at Gino's fast-food restaurant. Apparently the issues here are of first impression in this State involving certain provisions of the new Municipal Land Use Act. *N. J. S. A.* 40:55D-1 *et seq.* Plaintiff contends that it is entitled to a variance because defendant failed to give a decision within 120 days as required by *N. J. S. A.* 40:55D-73(a) and (b) of the new Land Use Act. Briefs have been filed and oral argument has been heard on plaintiff's motion for summary judgment.

The facts are not in dispute and are essentially as follows: Plaintiff is the owner of property situated at 1480 North Broad Street, Hillside, New Jersey, upon which there is a Gino's restaurant in present operation. Plaintiff wished to add a drive-up window for the convenience of its customers, and applied to defendant building inspector for a permit. The latter declined to issue the permit on the ground that subsequent to the erection of the restaurant the area was rezoned office-commercial. Thus, the restaurant became a nonconforming use.

Plaintiff appealed to the Hillside Board of Adjustment seeking a "Type D" variance from the zoning ordinance. On September 8, 1977 a hearing was held on the application and the variance was denied. Four members of the board voted to deny the applicant the requested variance, two voted against the denial. A written resolution to this effect was adopted, dated January 25, 1978, approximately 139 days later.

On June 8, 1978 an application for a rehearing was granted on the ground that there was sufficient new evidence submitted to constitute a new application. The board heard the application on the same day and denied the variance. On October 18, 1978, about 130 days after the vote was taken, plaintiff again requested a building permit, which was denied. Later a written resolution was adopted by defendant board,

dated November 28, 1978, which is approximately 170 days after the vote was taken.

It appears that on June 8, 1978 three members of the board voted to grant the variance and two members voted to deny it. *N. J. S. A.* 40:55D–70(d) gives a board of adjustment the power to grant a use variance by the affirmative vote of at least two-thirds of the full authorized membership of the board. This requires five votes. Thus, the application was denied. On June 8, 1978, however, when the final vote was taken, no resolution was acted upon.

"Definitions" *N. J. S. A.* 40:55D–3 of the Municipal Land Use Act provides that the term "shall" indicates a mandatory requirement and the term "may" indicates a permissive action. See also, § 22–17.1 of the implemented ordinance of the township.

*N. J. S. A.* 40:55D–10(g) provides that each decision on any application for development *shall* be in writing and *shall* include findings of fact and conclusions based thereon. Furthermore, § 22–15.9(a) of the implemented ordinance provides that each decision on any application for development shall be set forth in writing *as a resolution* of the board, which shall include findings of fact and legal conclusions based thereon. Thus, it is clear that each decision must be in writing — in the form of a resolution of the board — which shall include findings of fact and legal conclusions based thereon. This is consistent with the definition of the word "decision," which usually means findings of fact and conclusions of law, which must be in writing and filed with the clerk. *Black's Law Dictionary* (rev. 4 ed.) 495. See *Wilcox v. Sway*, 69 *Cal. App.* 2d 560, 160 *P.* 2d 154 (D. Ct. App. 1945).

In the present case plaintiff's variance application was an application for development. *N. J. S. A.* 40:55D–4. See also § 21–3 of the ordinance. This was not acted on in writing in the form of a resolution until November 28, 1978, about 170 days after it was voted on.

*N. J. S. A.* 40:55D–73(a) provides:

The board of adjustment *shall* render a decision not later than 120 days after the date (1) an appeal is taken from the decision of administrative officer or (2) the submission of a complete application for development to the board of adjustment pursuant to section 59B of this act. [Emphasis supplied]

Subsection (b) of *N. J. S. A.* 40:55D–73 provides as follows:

Failure of the board to render a decision within such 120 day period or within such further time as may be consented to by the applicant *shall* constitute a decision favorable to the applicant. [Emphasis supplied]

The same provisions are also set out in the township ordinance, § 22–13.12. It is admitted that the resolution was passed on November 28, 1978. Thus it is clear that the above statutes and ordinance were disregarded. A complete application was submitted to defendant board of adjustment on June 8, 1978 at the very latest. The board was required to render a decision in writing not later than 120 days after that date, *N. J. S. A.* 40:55D–10(g), which would have been on or about October 10, 1978.

The failure of the board to render a decision in writing (in the form of a resolution) within the time period required results in a decision favorable to plaintiff. This is a mandatory requirement under the terms of *N. J. S. A.* 40:55D–73(b), *supra*. The only exception to this rule is if the time was extended with the consent of the applicant. No such extension was granted in this matter.

In determining the intent of the Legislature it is necessary to consider the old law as contrasted with the new Municipal Land Use Act. Under the provisions of the old law (*N. J. S. A.* 40:55–45) a board of adjustment was required to render its decision within 60 days from the date of the hearing or, in any event, within 90 days from the date of the filing of the appeal, and upon failure to do so such appeal

at the expiration of such time shall be deemed to be decided adversely to the appellant in the same manner as though the board had rendered a decision to that effect.

The new act changes this result and failure to act on the part of a board is deemed a decision favorable to the applicant. When a statute alters or amends a previous law, it is important to ascertain the intention of the Legislature in considering the old law, the mischief and the proposed remedy. *DeFazio v. Haven S. & L. Ass'n*, 22 *N. J.* 511 (1956). Clearly, the intent of the statutory change was to place the responsibility for inaction on the board of adjustment when it fails to act. The consequences of inaction should not adversely affect the applicant, who usually has had nothing to do with the inaction.

Furthermore, it is a well established principle of law that it is assumed the Legislature knows what it is doing and does not legislate a nullity. *Jones v. East Windsor Reg'l Bd. of Ed.*, 143 *N. J. Super.* 182, 191 (Law Div. 1976). However, that would be the effect if the provisions of the new Land Use Act cited herein were disregarded.

Defendants take the position that the vote of the members of the board satisfied the 120-day time limitation, especially since some of the members stated the reasons for voting as they did. While admitting that the board must make specific findings of fact and conclusions, defendants contend that the passage of the resolution was a mere "ministerial act" for the purpose of appellate review, to which the period of 120 days does not apply.

However, this argument not only ignores the statute, *N. J. S. A.* 40:55D-10(g), but also § 22-15.9 of the township ordinance, cited herein, which state that each decision or any application for development shall be set forth in writing as a resolution of the board.

Therefore, for the reasons set out above it is the opinion of this court that the failure of the Hillside Board of Adjustment to render its decision in the form of a written resolu-

tion within the required period of 120 days must be considered an approval of plaintiff's application for a variance.

Plaintiff's motion for summary judgment is granted.

## Addendum

Continued support for the legislative intent can be found in Senate Bill 1125, which contains a number of amendments to the new Municipal Land Use Act. It was introduced May 1, 1978 and has already passed the Senate. It was received by the Assembly on June 5, 1978, referred to the Municipal Government Committee, reported out of the Committee and given second reading on January 25, 1979.

One of the proposed amendments that is pertinent here provides as follows:

g. Each decision on any application for development shall be reduced to writing and shall include findings and conclusions based thereon; provided that such reduction to writing and findings and conclusions may be provided by a resolution of memorialization adopted not later than 35 days after the date of the meeting at which the municipal agency voted to grant or deny approval; provided further that failure to adopt such resolution shall be deemed an approval of the application for development (even if the time period for granting or denying approval as otherwise provided in this act has not expired).

Thus, it is evident that if the amendment is enacted into law a board of adjustment may have to act by resolution before the period of 120 days expires.