GEORGE AURENTZ AND THE LITTLE EGG HARBOR TAXPAY-
ERS ASSOCIATION, INC., A NONPROFIT CORPORATION OF
THE STATE OF NEW JERSEY, PLAINTIFFS, v. PLANNING
BOARD OF THE TOWNSHIP OF LITTLE EGG HARBOR,
TOWNSHIP COMMITTEE OF LITTLE EGG HARBOR, JOSEPH
T. MEZZINA, AN INDIVIDUAL AND AS TRUSTEE FOR THE
JOSEPH T. MEZZINA AGENCY, INC., PENSION TRUST, JO-
SEPH T. MEZZINA AGENCY, INC., A CORPORATION OF THE
STATE OF NEW JERSEY, AND ROD VALENTE AND KAREN
VALENTE, HIS WIFE, DEFENDANTS.

Superior Court of New Jersey
Law Division, Ocean County

Decided October 19, 1979.

*Mr. John C. Sahradnik* argued the cause for plaintiffs (*Messrs. Berry, Summerill, Piscal, Kagan & Privetera,* attorneys).

*Mr. Joseph Scalia* argued the cause for defendant Planning Board of Little Egg Harbor Township (*Messrs. Stanzione & Stanzione,* attorneys).

*Mr. Howard Butensky* argued the cause for defendants Joseph T. Mezzina, an individual and as trustee for the Joseph T. Mezzina Agency, Inc., Pension Trust, Joseph T. Mezzina Agency, Inc., a corporation of the State of New Jersey, and Rod Valente and Karen Valente, his wife (*Messrs. Kelly, Butensky & Foti,* attorneys).

HAVEY, J. S. C.

Plaintiffs seek in this action in lieu of prerogative writs to set aside a major subdivision granted by defendant Planning Board of the Township of Little Egg Harbor, to defendants Joseph T. Mezzina, Joseph T. Mezzina Agency, Inc., Pension Trust, Joseph T. Mezzina Agency, Inc., a New Jersey corporation, and Rod Valente and Karen Valente, his wife (hereinafter, the applicants).

Plaintiff Aurentz is a property owner within the township and plaintiff association is a nonprofit corporation made up of a number of residents and taxpayers of the municipality.

On or before September 13, 1978 the applicants filed an application with defendant board for a major subdivision of property known as Block 262, lots 7, 8 and 8F, as designated on the tax map of the Township of Little Egg Harbor. The property consists of 20.5 acres. The application sought a subdivision of the property into 14 individual buildable lots. On September 13, 1978 a public hearing was held on the application. Present during the course of the hearing were six members of defendant planning board, which consisted of a full membership of seven. *N.J.S.A.* 40:55D–23(a). At the conclusion of the hearing a motion was made to approve the application subject to a report by the board engineer. At the time of roll call vote three of the six members present abstained from voting on the grounds of a potential conflict of interest. The remaining three members voted in favor of the approval. On advice of counsel the application was declared approved and a resolution granting the subdivision was submitted and approved by the board. On September 22, 1978 plaintiffs filed a notice of appeal with defendant township committee under the provisions of *N.J.S.A.* 40:55D–17 and Ordinance 78–14, seeking a review of the approval given by the board. By way of resolution dated November 21, 1978 the appeal was dismissed by the township committee on the ground that the disqualification of committee members due to conflict of interests precluded the establishment of a quorum to entertain the appeal.

■ Plaintiffs urge that the votes of the three members of the seven-member planning board did not constitute sufficient affirmative votes to grant the major subdivision approval. *N.J. S.A.* 40:55D–9 defines the time and place for holding of municipal agency hearings and the manner by which those proceedings should proceed. The term "municipal agency" includes a local planning board. *N.J.S.A.* 40:55D–5. *N.J.S.A.* 40:55D–9 reads in part:

> . . . No action shall be taken by any meeting without a quorum being present. All actions shall be taken by a *majority vote of a quorum* except as otherwise required. [Emphasis supplied].

"Quorum" is defined in the Municipal Land Use Law as "the majority of the full authorized membership of a municipal agency." *N.J.S.A.* 40:55D–6. For this board, a quorum would be four members.

Defendants assert that a majority of the full authorized membership for a seven-member board is four and that since more than four members were present, this was a quorum. They reason that the three favorable votes would, therefore, constitute a majority vote of that quorum. In the alternative, defendants argue that the abstentions under the circumstances of this case should be considered as affirmative votes, applying the common law rule in *Kozusko v. Garretson,* 102 *N.J.L.* 508 (Sup.Ct.1926).

■ The nature of abstentions in a vote involving a municipal agency has been treated in different ways at common law. In *Kozusko v. Garretson, supra,* the court noted the general common law rule that where members of a governing body remain silent during voting, they should be counted with the affirmative votes, except where the nonvoters express themselves as being opposed to the proposition, in which case they should be counted with the negative votes.

■ A refinement of that principle is found in situations where a statute requires a specific number of actual votes for passage of a proposition. In such a case the proposal does not

carry if a sufficient number of votes can only be mustered by including the abstainers among the affirmative votes. *Mann v. Paterson Housing Auth.,* 20 *N.J.Super.* 276 (Law Div.1952).

New Jersey and other jurisdictions have added a further refinement to the common law principle of *Kozusko v. Garretson, supra,* where the abstention is due to a disqualifying personal or financial interest. In *Quinn v. Sea Isle City,* 77 *N.J.L.* 428 (Sup.Ct.1909), the court held that the abstention of a person disqualified due to conflict of interest could not be considered as an affirmative vote. See also, *Livesy v. Secaucus,* 97 *A.* 950 (N.J.Sup.Ct.1916), for the proposition that an abstention due to interest does not acquiesce in the majority.

In *Meixell v. Hellertown Borough Council,* 370 *Pa.* 420, 88 *A.* 2d 594 (1952), the Supreme Court of Pennsylvania held that since a vote of two councilmen was illegal because of disqualification, neither their vote nor presence should be counted in computing a quorum or majority. In *Coles v. Trustees of Williamsburgh,* 10 *Wend.* 659 (N.Y.1833), where a petition for the opening of a street was presented to the governing body and although it appeared that all five trustees were present, only two voted for the petition and the other three declined to vote on the ground of interest, the court held that such votes in favor of the petition was not legally sufficient. The court noted first that the governing statute required three out of five trustees to make a quorum, and secondly, since three of the instant trustees were incompetent by law to vote, so far as such vote was concerned they were not trustees and thus there was no quorum.

In *Alamo Heights v. Gerety,* 264 *S.W.2d* 778 (Tex.Civ.App. 1954), the court held that where a city council is disqualified from voting upon a particular matter by reason of personal interest therein, the situation is comparable to that where a vacancy in the council membership has occurred by reason of death, resignation or disqualification.

■ In applying the principles established by the aforementioned cases, the court is satisfied that the three abstentions cannot be considered as affirmative votes nor should they be considered in determining whether there is a quorum.

During the trial the court found that the three individuals who abstained did so properly in that they were either employees of the defendant applicants or were working for contractors who would be involved in the construction which would result from the major subdivision approval. *N.J.S.A.* 40:55D–23(b) provides:

> No member of the planning board shall be permitted to act on any matter in which he has, either directly or indirectly, any personal or financial interest.

In *Griggs v. Princeton Borough*, 33 *N.J.* 207 (1960), the Supreme Court stated:

> We may note that "the decision as to whether a particular interest is sufficient to disqualify is necessarily . . . factual . . . and depends upon the circumstances of the particular case. . . . No definite test can be devised." *Van Itallie v. Franklin Lakes*, 28 *N.J.* 258, 268 (1958). Nevertheless, it has also been stated that "it is most doubtful that participation by a councilman in a municipal action of particular benefit to his employer can be proper in any case." [at 219].

Judge Lane, for the Appellate Division in *Dover Tp. Homeowners v. Dover Tp.*, 114 *N.J.Super.* 270 (App.Div.1971), stated:

> Where a member of a planning board having an interest prohibited by this statute participates in planning board action, such action is invalid regardless of the amount of interest shown. [at 276].

■ The court is satisfied that the three planning board members could not have participated in the vote due to their conflict of interest. Therefore, in applying the principles established in the cases cited, there was no quorum present for this

vote. Accordingly, defendant board, in having only three members present, failed to have an adequate quorum as defined by *N.J.S.A.* 40:55D–6 and *N.J.S.A.* 40:55D–9. The record reveals that the seventh member of the planning board was not available because of a conflict in scheduling. Nothing in the record shows any facts to indicate that the seventh member could not have voted on this application had he been present. His presence, as well as the presence of the three members who voted in favor of the application, would constitute a quorum and the three affirmative votes would meet the majority vote necessary for the approval.

█ Defendants next argue that if the vote taken on September 13, 1978 was an unlawful vote, the result is comparable to no action at all by the planning board. No action would result, defendant argues, in automatic approval pursuant to *N.J.S.A.* 40:55D–48(c) and *N.J.S.A.* 40:55D–50(b).

The planning board's obligation to grant or deny an approval means literally that it must decide the application within a 95-day period. *N.J.S.A.* 40:55D–10(g) provides that each decision on an application shall be written and shall include findings of fact and conclusions based thereon. In *Gridco, Inc. v. Hillside Tp. Zoning Bd.*, 167 *N.J.Super.* 348 (Law Div.1979), Judge Feller held that failure to comply with these provisions resulted in an automatic approval of a special reasons variance. In the present case the facts are significantly different. A written resolution containing findings of fact was adopted by the planning board, albeit legally of no effect. Moreover, the automatic approval mechanism should be applied with caution both by municipal agencies and the courts. In many instances the applicant or the board members who constitute the insufficient votes, who fail to muster the affirmative votes mandated by the statute might successfully cause a stalemate resulting in no action being taken. A literal application of this method of approval, there-

fore, may frustrate the statutory scheme of mandating a specific number of votes. The court holds that the planning board did decide this matter within the meaning of *N.J.S.A.* 40:55D–48(c).

Lastly, defendant argues that the plaintiffs are not "interested parties" within the meaning of *N.J.S.A.* 40:55D–4. Defendants assert that since they were not interested parties they had no standing to appeal to the governing body. If they had no right to this remedy, it is argued, then their action filed in the Superior Court 78 days after the planning board's decision is barred by *R.* 4:69–6. The court rejects this position. *N.J.S.A.* 40:55D–4 in defining "interested parties" reads as follows:

'Interested Party' means (a) in a criminal or quasi criminal proceeding, any citizen of the State of New Jersey; and (b) in the case of a civil proceeding in any court or in any administrative proceeding before a municipal agency, any person, whether residing within or without the municipality, whose right to use, acquire, or enjoy property is or may be affected by any action taken under this act, or whose rights to use, acquire or enjoy property under this act, or under any other law of this State or of the United States have been denied, violated or infringed by an action or a failure under this act.

Plaintiffs, although not living near the subdivision in question, are property owners and residents of the township.

In *Booth v. Rockaway Tp. Bd. of Adj.*, 50 *N.J.* 302 (1967), the Supreme Court held that any citizen or taxpayer of Rockaway Township had standing to challenge the establishment of a blacktop plant in a mining district. The court stated:

In view of the prevalence of mining and quarrying operations in the Township, the contemplated blacktop use had a potential impact on the integrity of the zoning plan and the community welfare sufficient to permit the intervention of a citizen and taxpayer. [at 305].

Plaintiffs, as residents and taxpayers, may be concerned with the overall zoning scheme and comprehensive plan of the township. It is too narrow an interpretation to hold that an "interested party" is only one whose property value or property use is

directly affected by the application. The appellate process to the governing body was not in any way intended to modify or restrict the rights of an aggrieved party. See *N.J.S.A.* 40:55D–17(h). The right of a party to sue in the Superior Court or to appeal to the governing body should be identical.

The court remands this matter without retaining jurisdiction for the purpose of an appropriate vote in accordance with the terms of this ruling.