859 A.2d 463 (2004)
372 N.J. Super. 410
SOUTH PLAINFIELD PROPERTIES, L.P., a Delaware Limited Partnership, Plaintiff-Respondent,
v.
MIDDLESEX COUNTY PLANNING BOARD, Defendant-Appellant, and
Township Committee of Piscataway, Defendant.
Superior Court of New Jersey, Appellate Division.
Argued September 14, 2004.
Decided October 20, 2004.
*464 F. Clifford Gibbons, Princeton, argued the cause for appellant (Maselli Warren, attorneys; Mr. Gibbons, of counsel and on the brief).
William J. O'Hagan, Jr., Neptune, argued the cause for respondent (Stout & O'Hagan, attorneys; Mr. O'Hagan, of counsel; Michael V. Elward, on the brief).
Before Judges STERN, WECKER and S.L. REISNER.[1]
The opinion of the court was delivered by
WECKER, J.A.D.
Defendant, Middlesex County Planning Board (County Planning Board), appeals from a summary judgment entered September 17, 2003, deeming the Board to have granted its approval, pursuant to the automatic approval provision of N.J.S.A. 40:27-6.7 and Middlesex County Site Plan Resolution § 11-5, to the major site plan development application filed by plaintiff, South Plainfield Properties, L.P. (the developer), on May 2, 2003. Defendant also appeals from an order denying reconsideration. We affirm.
Defendant contends that it was error to grant automatic approval pursuant to N.J.S.A. 40:27-6.7, and that even if automatic approval was provided by statute, it was an abuse of discretion not to remand the application to the County Planning Board to allow it to consider appropriate conditions to its approval.
As a matter of background, it is important to recognize certain basic distinctions between a county planning board and a municipal planning board with respect to subdivision and site plan approval. Under N.J.S.A. 40:27-1, creation of a county planning board is optional. Once created, its jurisdiction is more limited than that of a municipal board, and is governed by N.J.S.A. 40:27-6.1 to -6.13. Specifically, subdivision review and approval is governed by N.J.S.A. 40:27-6.2 to -6.5; site plan review and approval by N.J.S.A. 40:27-6.6 to -6.7. See generally Builders League of S. Jersey, Inc. v. Burlington Co. Planning Bd., 353 N.J.Super. 4, 801 A.2d 380 (App.Div.2002).
N.J.S.A. 40:27-6.7 provides:
The municipal or other local agency or individual with authority to approve the site plan or issue a building permit shall defer action on any application requiring county approval ... until the same shall have been submitted to the county planning board for its approval of the site plan. The county planning board shall have 30 days from the receipt of a site plan to report to the appropriate local authority. In the event of disapproval, such report shall state the specific reasons therefore. If the county planning *465 board fails to report to the municipal approving or issuing authority within the 30-day period, said site plan shall be deemed to have been approved by the county planning board. Upon mutual agreement between the county planning board and the municipal approving authority, with approval of the applicant, the 30-day period may be extended for an additional 30-day period.
[Emphasis added.]
N.J.S.A. 40:27-6.3 similarly provides that where county approval of a subdivision application is required by N.J.S.A. 40:27-6.2 (because of an impact on county roads or drainage facilities), a municipal approval authority must either defer final action, or conditionally approve the application subject to favorable action by the county planning board. N.J.S.A. 40:27-6.3 also provides, in pertinent part:
The county planning board shall report to the municipal authority within 30 days from the date of receipt of the application. If the county planning board fails to report to the municipal approving authority within the 30-day period, said subdivision application shall be deemed to have been approved by the county planning board unless... with approval of the applicant, the 30-day period shall be extended for an additional 30-day period.[[2]]
[Emphasis added.]
Moreover, failure to act on and report to a municipal approving authority on a subdivision application within the requisite time constitutes a waiver of the county board's right to review, approve, or disapprove the subdivision. That failure allows municipal action on the application and constitutes county approval to meet the recording requirement for filing a subdivision plat. N.J.S.A. 40:27-6.5.[3] Although the judgment appealed from refers to approval pursuant to N.J.S.A. 40:27-6.7, which expressly refers to site plan approval, this development application sought both subdivision and site plan approval. Nothing in the record suggests that any different issues apply to the approval of the subdivision application.
Following are the undisputed facts that formed the basis for Judge Hurley's decision in the Law Division. Plaintiff's application *466 relates to a permitted use under the local zoning ordinance: the development of a shopping center, referred to as "Target at Hadley," adjacent to the existing Hadley Center in South Plainfield. The developer's application for site plan and major subdivision approval was originally submitted to the County Planning Board on December 17, 2002. That plan provided for access via the Hadley Center Drive intersection with Stelton Road, a county road located in the municipality of South Plainfield. The application was placed on the Board's agenda for February 11, 2003.
Apparently as a result of informal communications between representatives of the developer, the municipality of South Plainfield, and the county, and South Plainfield's recommendation to consider an alternative access route, the developer submitted a revised application to the County Planning Board on February 28, 2003 and agreed to postpone consideration by the County Planning Board to its March 11 meeting. The February 28 application provided for access to the development via an extension of Metlars Lane, creating an intersection with Stelton Road in the municipality of Piscataway. That was the access recommended (but not required) by South Plainfield. In light of its revised application, the developer consented to a further adjournment of its application from the County Planning Board's March 11 agenda to the April 8, 2003 agenda.
On April 8, however, the developer refused to consent to a further adjournment requested by the County Planning Board. The Board then passed a resolution on April 8 adopting the recommendation contained in its Staff Report to "Grant a Six Month Extension to the October 14, 2003 Planning Board Meeting." The result was to postpone all action on the application until October 14.[4]
In the meantime, although the developer had received informal advice that Piscataway would act favorably upon the proposed extension of Metlars Lane to provide access to the new development, Piscataway did not formally act upon the February 28 application.[5]
In light of the developer's inability to get a response to its February 28 revised submission (changing the proposed access from Hadley Center Drive to Metlars Lane), it once again revised its application. On May 2, 2003, the developers submitted both to the County Planning Board and to the South Plainfield Planning Board its second revised application, once again providing access to the development site at the Hadley Center Drive intersection with Stelton Road in South Plainfield.[6] The application was further revised to eliminate the necessity for any bulk variances contemplated by the earlier applications. The South Plainfield Board granted preliminary major site plan and subdivision approvals on May 27, 2003, conditioned on County Planning Board approval. The County Planning Board, however, took no *467 action on the May 2 application, thus failing to meet the thirty-day time limit provided by statute.
The developer filed its complaint in lieu of prerogative writs on June 16, 2003, seeking a determination that the County Planning Board's failure to act on any of its applications within thirty days resulted in automatic approval. Judge Hurley granted the developer's motion for summary judgment, deeming the developer's final submission approved by the County. This was the judge's explanation:
It appears that the application that was submitted to the County Planning Board was submitted concurrently  at least concurrently I'll say with the applications that were submitted to the municipality. And upon receipt of the application the county decided to carry the matter for a period of about ... six months.
The question that was in my mind, [was] why did the application not get denied rather than taking no action whatsoever, there is no explanation for that. The county just decided to not take any action. The question was also was there a request for an extension. The answer is yes, there was a request for an extension, which is permitted by the  by virtue of the terms of the statute. The extension request was denied by the ... applicant, which is permissible under the statute, it's their option, at which time the Middlesex County Planning Board had two options. It could have heard the application, denied the application or heard the application, approved the application with conditions. It  it chose to do neither.

In the area of land use development specifically with the Municipal Land Use Law as is found in N.J.S.A. 40:27-6.7 the Legislature has indicated that there are provisions within which the municipalities  and in this case a county  must act within the statutory period of time or seek extensions from the applicants. Failure to seek the extension and failure to act within a  a given period of time will be deemed an approval. Those provisions are found variously throughout the Municipal Land Use Law.
[Emphasis added.]
The judge compared N.J.S.A. 40:27-6.7 to several provisions for automatic approval contained in the Municipal Land Use Law, specifically, N.J.S.A. 40:55D-10.3 (requiring a determination of completeness within forty-five days of the submission of an application), N.J.S.A. 40:5D-46.1 (requiring a municipal planning board to act on a minor site plan application within thirty days), N.J.S.A. 40:55D-73 (requiring a municipal board of adjustment to act upon a development application within 120 days).
The delay in this matter was about six months. The statute allows for an extension of an additional 30 days not to exceed a total therefore of 60 days. The county has exceeded its statutory authority in that regard. And quite frankly, has ignored the statute and the legislative intent of that statute.

Based on all the foregoing I cannot find any other way but to hold that the application is to be deemed approved.
Quite frankly, I don't feel that that creates any major problem in this case because the approving authority in which the property is located indicated that it is approving the access to this site.
[Emphasis added.]
In denying defendant's motion for reconsideration, Judge Hurley reasoned:
[E]ssentially, what happens, is the municipality adopts a resolution of approval *468 subject to County  County Planning Board approval. The County Planning Board did not act within the statutory period of time. And the condition is deemed satisfied, period and end of story. Whatever has been approved by the municipality, is the approved plan. The... County could have done one of three things. It could have approved the application; it could have denied the application; or it could have approved the application with conditions.
Possibly, the denial of the application, with no factual basis to do so, may be deemed arbitrary and capricious, and may have been  been reversible. However, if it had concerns, it could have easily, as I've indicated before, approved the application with conditions. Conditions to be determined at a later date, which would not be onerous and which would not hinder the development of the project. That condition could be, we're going to have to make certain improvements. The applicant is going to have to pay his proportionate reasonable share. The term "reasonable" is always a question of fact to be determined later. But at least it gives the applicant the opportunity to address that issue. The Middlesex Planning Board did not even do that. It just said, we're gonna defer it for 6 months. Well, that's not the intent of the legislation. I'm here to enforce the legislation in spirit and in language.
We reject defendant's argument on appeal that its April 8 Resolution constituted action on plaintiff's application that would satisfy the time limit set forth in N.J.S.A. 40:27-6.7. We cannot countenance such an end-run around the statute. Statutory time limits for action on land use applications, with provisions for automatic approval in the event of governmental failure to act, were enacted by the Legislature to avoid precisely such governmental inaction. Lizak v. Faria, 96 N.J. 482, 492, 496, 476 A.2d 1189, 1196-97 (1984).
Despite the mandatory language of such provisions, our courts have denied automatic approval of development applications when governmental inaction was "technical or inadvertent, and where there is no evidence of intentional delay or inattention to the application." Eastampton Ctr. LLC v. Planning Bd. of Tp. of Eastampton, 354 N.J.Super. 171, 193, 805 A.2d 456, 470 (App.Div.2002); see also Fallone Props., L.L.C. v. Bethlehem Tp. Planning Bd., 369 N.J.Super. 552, 849 A.2d 1117 (App.Div. 2004).[7]
In Manalapan Holding Co. v. Hamilton Tp. Planning Bd., 92 N.J. 466, 482, 457 A.2d 441, 450 (1983), the Court reversed an automatic approval and remanded to the municipal agency for a public hearing.[8] There the Court made these findings:

*469 While there is no suggestion of bad faith, sharp practice or overreaching on the part of the developer in seeking to take advantage of the automatic approval, there is, also, no suggestion of bad faith, prevarication or obstructionism by the municipality in granting postponements when it did. The course of events created by both parties bespeaks inadvertence, ignorance or misunderstanding as to the operation and mechanics of the statute.
[Id. at 481, 457 A.2d at 449.]
Nonetheless, the Court added this caution: "We hasten to add that by this result we do not countenance a permissive interpretation or application of the statute. The statute prescribes strict timetables and a careful methodology. It does not imply waiver or relaxation of its terms." Id. at 482, 457 A.2d at 450.
"[A]pplication of ... statutory time constraints must be anchored in the reason for their existence." Allied Realty, Ltd. v. Borough of Upper Saddle River, 221 N.J.Super. 407, 418, 534 A.2d 1019, 1024 (App.Div.1987), certif. denied, 110 N.J. 304, 540 A.2d 1284 (1988). "The evil which the automatic approval provisions were designed to remedy was municipal inaction and inattention." Id. The very "evil" that we alluded to in Allied Realty is apparent in this case. As the trial judge here found, "[t]he county just decided not to take action." The April 8 Resolution provides "a clear showing of purposeful delay," precisely the conduct that the automatic approval provision was designed to prevent. See Eastampton, supra, 354 N.J.Super. at 193-94, 805 A.2d at 470-71.
In Precision Indus. Design Co., Inc. v. Beckwith, 185 N.J.Super. 9, 447 A.2d 186 (App.Div.), certif. denied, 91 N.J. 545, 453 A.2d 863 (1982), we held that although a technical violation of the Open Public Meetings Act nullified a municipal planning board's formal denial of a developer's site plan application, such a technical failure to take timely action would not trigger automatic approval.
Careful distinctions must nevertheless be drawn between municipal inaction, the evil which the automatic approval mechanism was designed to remedy, and, on the other hand, municipal action which is timely, clearly and unambiguously expressed, and fully explained and rationalized but which, by reason of a technical rather than a substantive defect, is imperfectly taken.
[Id. at 18, 447 A.2d at 191.]
Unlike the situation in Precision, the county board's conduct here was "municipal inaction"  the very "evil which the automatic approval mechanism was designed to remedy." Ibid.
In several of the above-mentioned cases, in which automatic approval was denied despite governmental failure to meet a statutory time limit, the Court cited strong public interest concerns implicated by the proposed development. See Manalapan, supra, 92 N.J. at 482, 457 A.2d at 450; Allied, supra, 221 N.J.Super. at 418, 534 A.2d at 1024; Precision, supra, 185 N.J.Super. at 18, 447 A.2d at 191. Assuming that an issue of substantial public interest may in some circumstances justify an exception to the strict statutory time limits, no such issue is presented by this case. Indeed, the motion judge made specific *470 reference to the fact that the South Plainfield Planning Board approved access to the site.[9]
We also reject defendant's argument that the developer has failed to exhaust an administrative remedy, specifically, the provision of N.J.S.A. 40:27-6.9 that permits an applicant to appeal from a county planning board action to the County Board of Freeholders.[10] Having concluded that the April 8 Resolution does not constitute action for purposes of sub-section 6.7, we are equally convinced that it does not constitute action for purposes of sub-section 6.9. We therefore need not reach the question whether exhaustion of that procedure is a prerequisite to a Superior Court action to enforce the statutory approval provided by N.J.S.A. 40:27-6.7.
We affirm substantially for the reasons set forth in Judge Hurley's thoughtful opinion placed on the record on September 17, 2003.
NOTES
[1] Judge Reisner did not hear oral argument; however, counsel have consented to her addition to the panel deciding this appeal.
[2] Section 11-5 of the County Site Plan Resolution similarly provides, in pertinent part:

The local building official or other agency with authority to approve a site plan or issue a building permit shall defer action on any application requiring County Planning Board approval pursuant to this resolution until the same have been submitted to said County for its approval of the site plan. The Site Plan Committee shall act on any site plan submitted to it for review within 30 days after receipt of the same from the local agency or individual with authority to approve the site plan or issue a building permit. If the Site Plan Committee fails to act on a site plan within the 30 day period, said site plan shall be deemed to have been approved unless, by mutual agreement between the Site Plan Committee and the local authority, with approval of the applicant or his authorized agent, the 30 day period shall be extended for an additional 30 day period, and any such extension shall so extend the time period within which a local authority shall be required by law to act thereon. In the event that the Committee disapproves a site plan application, the reasons for disapproval shall be stated in writing.
[Emphasis added.]
[3] An applicant who wishes to claim automatic approval of an application for development as a result of a municipal agency's failure to act is required to provide public notice of the claimed approval as set forth in N.J.S.A. 40:55D-10.4. Forms consistent with the statutory notice requirements are set forth at Cox, New Jersey Zoning and Land Use Administration, App. V, Forms 17-19 (2004). No comparable notice requirement is set forth in the county approval legislation, see N.J.S.A. 40:27-6.1 to -6.13, nor does defendant suggest such a requirement.
[4] The Staff Report recommendation continued: "extenuating traffic concerns both inter-municipal and regional with regards to traffic impact and intersection design are under review."
[5] Although the record before us does not include any information with respect to Piscataway's participation in this lawsuit, we were informed at oral argument that at some point, the complaint was dismissed as to that municipality.
[6] Similar to the February version of the developer's application, the submission included revised (1) Preliminary and Final Site Plans, (2) Proposed Major Subdivision of the property, (3) Drainage Calculations, (4) Traffic Report, and (5) a CD containing a computer-animated simulation model.
[7] In Fallone Props., we rejected the developer's contention that it was entitled to automatic municipal approval of its subdivision application. There, as in Eastampton, the municipal agency had mistakenly but in good faith determined the application to be incomplete under existing law. We held that it was the date of the subsequent reinterpretation of the law, and determination of completeness, that triggered the running of time, and automatic approval was inapplicable.
[8] In Manalapan, the issue before the Court was "the effect of the county approval process on the time constraints for municipal action contained in the [Municipal Land Use Law]." 92 N.J. at 475, 457 A.2d at 446. The Court explained:

The statutory scheme regarding subdivision approval also calls for county action. County review of the subdivision application, however, is limited to the effect of the proposed developments on county roads and drainage facilities. N.J.S.A. 40:27-6.3. The municipal approval process and county review of the subdivision plan are parallel, occurring at the same time. The county planning board must report to the municipality within 30 days of its receipt of the application. If the county fails to report within the statutory time period, the application is deemed to have received county approval, unless a 30-day extension is agreed upon by the county, the municipality and the applicant.
[Id. at 474-75, 457 A.2d at 445-46 (internal footnote omitted).]
[9] The South Plainfield Planning Board granted its conditional approval to the developer's application without conditions related to traffic concerns, and subject only to the County Planning Board's approval. There is no evidence in the record before us that defendant undertook any independent consideration of traffic concerns.
[10] N.J.S.A. 40:27-6.9 provides in pertinent part:

Any person aggrieved by the action of the county planning board in regard to subdivision review and approval or site plan review and approval may file an appeal in writing to the board of chosen freeholders within 10 days after the date of notice by certified mail of said action.