995 A.2d 318 (2010)
413 N.J. Super. 393
George CICCHINE and Mona Cicchine, Plaintiffs,
v.
TOWNSHIP OF WOODBRIDGE and Township Of Woodbridge Planning Board (Intervenor), Defendants.
DOCKET NO. L-416-09
Superior Court of New Jersey, Law Division.
Decided: February 10, 2010.
*319 John R. DeNoia, Woodbridge, for plaintiff (John DeNoia, L.L.C., attorneys).
Eric J. Lange, Woodbridge, for defendant (JP Nolan & Associates, L.L.C., attorneys).
Marc J. Rogoff, Fords, for intervenor.
HURLEY, J.S.C.
The plaintiffs, George Cicchine and Mona Cicchine (collectively referred to as "Cicchines") are the owners of real property known and designated as block 24G, lots 7 and 8[1] as shown on the official tax map of the Township of Woodbridge. The *320 Cicchines bring this action in lieu of prerogative writs seeking an order from the court confirming the validity of a subdivision and compelling the Township to issue a zoning permit and building permit.
The matter has a history. The Cicchines filed an application with the Planning Board of the Township of Woodbridge ("Board") seeking minor subdivision approval to subdivide a 100' x 100' lot into two 50' x 100' lots. The property is also identified as 27 Highland Avenue, Keasby, New Jersey. The property is located in the R-5 Residential Zone in which the minimum lot area required is 5,000 square feet. The Cicchines also sought bulk variances among which were for front yard setback, side yard setback, lot coverage, minimum pavement offset and minimum driveway width. The Cicchines agreed to demolish the accessory structure (located on lot 8) thereby eliminating any variance required for the accessory structure. Application number P06-49 was heard and denied by the Planning Board on January 10, 2007, and a resolution memorializing the denial was duly adopted on February 21, 2007.
The Cicchines filed a complaint in lieu of prerogative writs on April 5, 2007, bearing docket no. Mid-L-3510-07. The Board filed its answer on May 31, 2007. The complaint alleges that the denial of the application for minor subdivision and bulk variances was arbitrary, capricious and unreasonable. During the pendency of the appeal, the Cicchines filed a second application to the Board for minor subdivision and bulk variance approval. The bulk variances requested were for lot 8 and included a deviation from the requirements for lot area, front yard setback, side yard setback, side and rear yard setback for accessory structures.[2] The Cicchines' application did not indicate a variance request for lot 7. The new application was scheduled for public hearing on August 22, 2007. There was no remand order from this court.
The Cicchines filed this complaint in lieu of prerogative writs on January 16, 2009, bearing docket no. Mid-L-416-09 naming the Township of Woodbridge as a defendant seeking an order from this court confirming the validity of a subdivision obtained pursuant to the automatic approval provision of N.J.S.A. 40:55D-10.4 The Board was granted leave to intervene. The Board, by notice of motion, sought an order from this court vacating or dismissing the Cicchines' second application pending before it.
The Board argued that the Cicchines should be precluded from filing a second similar application during the pendency of this lawsuit over the denial of the first application. The Board contended that it lacked jurisdiction to hear the second approval divests the Board from jurisdiction to entertain another application seeking essentially the same relief. As such, the application should either be vacated by the court or withdrawn by the applicant. The Cicchines argued that the new application was a res judicata issue contending that the Board accepted the application, together with the application fees and escrows, and treated this as a separate application, processing it to a point where it was ready for a public hearing.
The court considered the papers submitted by both parties and the arguments of counsel. The court denied the Board's motion holding that the new application was more like a settlement than a new, significantly different application. Simply *321 stated, the Cicchines readjusted the proposed property line to eliminate a variance caused by the location of the existing residence, but created, and requested, a variance from the lot area requirements of the zoning ordinance. The court reasoned that there were changes to the application, which altered the variances requested. The court concluded that the Board's acceptance of the application was an implicit agreement to review the new application as a potential settlement proposal, absent a remand. This court did not reject the Board's argument that the Board is divested of jurisdiction once an appeal to this court is filed, but rather treated the new application as if it were a remand of a potential settlement.
The court denied the Board's motion on September 21, 2007. The Board sought a stay of the proceedings pending an appeal of this court's order. The Board scheduled a hearing on Cicchines' second application on October 24, 2007. The Board sought a stay of the proceedings pending an appeal of this court's order. The Board's motion was denied on October 19, 2007. Rather than seeking further relief from the Appellate Division, the Board agreed to hear the second application on the date scheduled, October 24, 2007.
On the hearing date, October 24, 2007, Cicchines' attorney advised the Board's attorney that the Board's motion to dismiss the second application was denied. The Board's attorney had no direct knowledge of the denial. This court's order was signed on October 19, 2007, but not yet received by the Board's attorney. Because the order had not yet issued the Board carried the application to a new date. A discussion then ensued as to the date on which the hearing was to proceed. The Cicchines did not object to the new hearing date, but in fact acknowledged their acceptance by requesting that the Board state, on the record, that no new notice is to be provided to the property owners within 200 feet. The new date was November 7, 2007. The Cicchines made no mention that the time to act was about to lapse, nor did the Board ask for an extension of time. On the date set for the carried hearing, the Cicchines, through their attorney, advised the Board that they were not going to proceed, and that they were declaring an automatic approval for failure of the Board to act within the statutory time limit. The Cicchines' attorney, after some dialogue with the Board's attorney, stated that after the last meeting, he went back to his office, reviewed the file and determined that the time within which the Board had to act expired on October 26, 2007. However, he did not bring that information to the Board's attorney until just before the date set for the hearing. The Board advised the Cicchines that it was prepared to hear the application without prejudice to its position that it lacked jurisdiction, but if they refused to proceed, the new application would be dismissed. The Cicchines elected not to proceed and withdrew from the meeting. Subsequently, the Cicchines filed a deed with the Clerk of Middlesex County describing the two separate lots thereby creating the subdivision.
N.J.S.A. 40:55D-61 provides:
Whenever an application for approval of a subdivision plat, site plan or conditional use includes a request for relief pursuant section 47 of this act, the planning board shall grant or deny approval of the application within 120 days after submission by a developer of a completed application to the administrative officer or within such further time as may be consented to by the applicant.... Failure of the planning board to act within the period prescribed shall constitute approval of the application and a *322 certificate of the administrative officer as to the failure of the planning board to act shall be issued on request of the applicant, and it shall be sufficient in lieu of the written endorsement or other evidence of approval herein required, and shall be so accepted by the county recording officer for purposes of filing subdivision plats.
Our Supreme Court in Manalapan Holding Co. v. Hamilton Planning Bd., 92 N.J. 466, 457 A.2d 441 (1983) clearly stated that it will "not countenance a permissive interpretation or application" of this statutory scheme. "The statute prescribes strict timetables and a careful methodology. It does not imply waiver or relaxation of its term." Ibid. However, the "application of the statutory time constraints must be anchored in the reason for their existence. The evil which the automatic approval provisions were designed to remedy was municipal inaction and inattention." Allied Realty, Ltd. v. Upper Saddle River, 221 N.J.Super. 407, 418, 534 A.2d 1019 (App.Div.1987), certif. denied, 110 N.J. 304, 540 A.2d 1284 (1988). The Upper Saddle River court recognized that the "legislative purpose would be unjustifiably distorted in a manner patently subversive to the public interest of the automatic approval mechanism were to be applied in a mechanical fashion." Ibid.
"Despite the mandatory language of such provisions, our courts have denied automatic approval of development applications when governmental inaction was technical or inadvertent, and where there is no evidence of intentional delay or inattention to the application." South Plainfield Properties, L.P. v. Middlesex County Planning Bd., 372 N.J.Super. 410, 417, 859 A.2d 463 (App.Div.2004). The automatic approval is intended to remedy bad faith or overreaching or dilatory conduct of the Board. It should not be applied when the inaction was inadvertent or where there is no evidence of intentional delay or inattention to the application. It should also not be applied when the Board acts on an understandable question of the application of the law. The court is reluctant to uphold an automatic approval absent a clear showing of purposeful delay. Our courts have repeatedly indicated that such automatic approval provisions "should be applied with caution." King v. N.J. Racing Comm'n, 103 N.J. 412, 422, 511 A.2d 615 (1986) (quoting Aurentz v. Planning Bd. of the Twp. of Little Egg Harbor, 171 N.J.Super. 135, 142-43, 408 A.2d 140 (Law Div.1979)).
"Generally speaking, once an applicant has received a decision of the board and appealed in lieu of prerogative writs, the board is divested of jurisdiction absent a remand." Orloski v. Planning Bd. of Borough of Ship Bottom, 226 N.J.Super. 666, 670, n. 1, 545 A.2d 261 (Law Div.1988), aff'd, 234 N.J.Super. 1, 559 A.2d 1380 (App.Div.1989). There are provisions in the Municipal Land Use Law (MLUL) that supports a stay of proceedings pending an appeal. The only sections in the MLUL that address the issue are found in N.J.S.A. 40:55D-17(f) which states, in pertinent part, that "[a]n appeal to the governing body shall stay all proceedings in furtherance of the action in respect to which the decision appealed from was made." ... N.J.S.A. 40:55D-75 similarly stays all proceedings once an appeal is filed with the Zoning Board of Adjustment pursuant to N.J.S.A. 40:55D-70(a); N.J.S.A. 40:55D-85.1(f) stays all proceedings when appeals are taken from regional boards.
The filing of a notice of appeal invokes the jurisdiction of the appeal tribunal and divests the board of jurisdiction except as reserved by statute or rule. Application of Plainfield-Union Water *323 Co., 14 N.J. 296, 302, 102 A.2d 1 (1954). In Kramer v. Bd. of Adjustment, 80 N.J.Super. 454, 194 A.2d 26 (Law Div. 1963), the court clearly stated that the Board's capacity to deal with the matter while it is pending before this court is at best a limited one. "Stated more succinctly, it is the opinion of the court that under the facts of this case, while the suit challenging the validity of the board's recommendation to grant a variance was pending in the Superior Court, the board was without jurisdiction to take further action except on remand by the court." Id. at 462-63, 194 A.2d 26.
Prerogative writs cases are equitable in nature even though assigned to the Law Division. We look to the equitable maxims for guidance as well as the law that applies. Equity abhors forfeiture. Although this type of case is not a forfeiture in the strictest sense, our Legislature has provided a strict timetable for municipal land use agencies to act on any particular application in order to avoid an automatic approval. The applicant is also provided with a strict procedure to be followed when asserting a right to an automatic approval.
Following the principles annunciated above, this court concludes that the Cicchines are not entitled to an automatic approval of its second application. "[T]he beneficent public purpose sought to be achieved by the automatic approval mechanism... should not be used as a trap for the unwary." Allied Realty, Ltd., supra, 221 N.J.Super. at 420, 534 A.2d 1019. Although the Board did not expressly request the Cicchines to consent to a further extension of time to complete the proceedings when it adjourned the hearing from October 24, 2007, to November 7, 2007, the Cicchines acquiesced in the adjournment, thus conveying the impression that it was consenting to whatever extension of time was required to resume the proceedings. Both parties acquiesced in an adjournment of this matter to a date which they knew or should have known was beyond the date by which the Board must act. While it is better practice to require an extension of time either in writing or by so stating on the record, the MLUL does not dictate any specific procedure. Therefore, this court concludes that the Cicchines' actions on October 24, 2007, constituted an implied consent leaving the Board with the understanding that it still was within the time to act. See Star Enter. v. Wilder, 268 N.J.Super. 371, 633 A.2d 1001 (App.Div. 1993).
This court finds that this is not a case invoking the doctrine of res judicata, but rather one that deals with the issue of divestiture of the Board's jurisdiction upon the filing of an appeal by an action in lieu of prerogative writs. "Res judicata as a principle of law bars a party from relitigating a second time what was previously fairly litigated and determined finally. The general requirements for the invocation of this principle are a final judgment by a court or tribunal of competent jurisdiction, identity of issues, parties and cause of action and thing sued for." Lubliner v. Paterson Bd. of Alcoholic Beverage Control, 33 N.J. 428, 435, 165 A.2d 163 (1960). "Res judicata is an ancient judicial doctrine which contemplates that when a controversy between parties is once fairly litigated and determine it is no longer open to relitigation." Ibid. In essence, these principles bar a party from relitigating a second time that which was previously fairly litigated and finally determined. Charlie Brown of Chatham v. Bd. of Adjustment, 202 N.J.Super. 312, 327, 495 A.2d 119 (App.Div.1985). The first application was on appeal to this court when the second application was filed with the Board. There was no final determination *324 of the first application, therefore the doctrine is inapplicable.
Common sense dictates for a finding of divestiture of jurisdiction. The Cicchines neither withdrew their second application, nor sought a remand order from this court, but rather they elected to pursue two applications. One application was before this court, and the other before the Board. If this court, on appeal, reversed the Board's denial of the first application, and if the Board had granted the second application, the Cicchines would have two approvals. Which prevails? By pursuing two simultaneous approvals, the procedure followed by the Cicchines not only wasted this court's time but that of the Board. This court holds that upon the filing of a complaint with this court, the Board is divested of jurisdiction to modify a prior action that is the subject of the appeal, absent a remand. Cicchines' request for a conformation of the subdivision is denied.
The Cicchines' complaint is hereby dismissed for the reasons stated above and for the following additional reason. The MLUL provides for a specific procedure be followed in order to perfect a subdivision of land. N.J.S.A. 40:55D-10.4 provides as follows:
An applicant shall comply with the provisions of this section whenever the applicant wishes to claim approval of his application for development by reason of the failure of the municipal agency to grant or deny approval within the time period provided in the "Municipal Land Use Law," ... C. 40:55D-1, et seq. or any supplement thereto.
a. The applicant shall provide notice of the default approval to the municipal agency and to all those entitled to notice by personal service or certified mail of the hearing on the application for development, but for purposes of determining who is entitled to notice, the hearing on the application for development shall be deemed to have required public notice pursuant to subsection a. of ... C. 40:55D-12.
b. The applicant shall arrange publication of a notice of the default approval in the official newspaper of the municipality, if there be one, or in a newspaper of general circulation in the municipality.
c. The applicant shall file an affidavit of proof of service and publication with the administrative officer, who in the case of a minor subdivision or final approval of a major subdivision, shall be the officer who issues certificates pursuant to ... C. 40:55D-47; C. 40:55D-50, C. 40:55D-76, as the case may be.
If there had been a valid subdivision granted by the Board, the Cicchines could either file a subdivision map signed by the appropriate authority or filed a deed signed by the appropriate authority. N.J.S.A. 40:55D-47. If the approval is sought through N.J.S.A. 40:55D-10.4 (or N.J.S.A. 40:55D-76(c) if the application is bifurcated), a different procedure is required.
The Cicchines filed a deed, but clearly did not follow the correct procedure. The application to the administrative officer of the township should have been made for the certificate of automatic approval. If the officer refused to issue the certificate, an application can be made to this court to issue the same before the deed is filed. Cicchines' complaint acknowledges that "[by] deed dated February 6, 2008 and recorded in the office of the Clerk of Middlesex County on February 11, 2008 in Deed Book 5917 at Page 734, the Cicchines perfected their subdivision."[3]"Subsequent to the perfection of the subdivision, the *325 Cicchines applied for a Zoning Permit from the Zoning Officer of the Township of Woodbridge."[4] The Middlesex County Clerk should not have accepted the deed creating the subdivision without the prerequisite certificate or court order.
It is ordered and adjudged on this 1st day of February, 2010 that the plaintiff's complaint be and is hereby dismissed with prejudice, and it is further
Ordered that the Cicchines are hereby directed to forthwith file a deed describing a single lot with a provision deeming the prior deed, recorded in the office of the Middlesex County clerk on February 11, 2008 in Deed Book 5917, Page 734, null and void. A copy of the deed is to be served upon the tax assessor of the Township of Woodbridge.
NOTES
[1] The Cicchines' application designates the tax lots as 7 and 8; however, the Board's resolution designates the lax lots as 7 and 9. The resolution addresses lots 7 and 8 as "proposed lots". The designation is not criticial to this decision, and therefore, has not been addressed at this time.
[2] The second application readjusted the proposed property line thereby requiring a variance for lot area, which was not sought in the first application.
[3] Paragraph 15 of their complaint. (emphasis added)
[4] Paragraph 16 of their complaint. (emphasis added)